# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CANAL INSURANCE COMPANY,**                                                           **PLAINTIFF,**

**VS.**                              **CIVIL ACTION NO. 1:05CV253-P-D**

**ANTHONY HENDRIX; ET AL.,**                                                         **DEFENDANTS.**

## MEMORANDUM OPINION

This matter comes before the court upon the plaintiff's Motion for Summary Judgment [47]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

On October 12, 2005 Canal Insurance Company filed the instant action seeking a judgment declaring that they owe no duty to defend or indemnify their insured, Anthony Hendrix and his company A&V Trucking, Inc., for a collision that occurred on February 18, 2005.

The basic facts are undisputed. On February 18, 2005 Joseph David Paul, a truck driver and employee of A&V Trucking, Inc., picked up a trailer with a load from a furniture plant in Amory, Mississippi to deliver to Louisiana. As he neared his own home in Ecru, Mississippi, Paul decided to detach and leave the trailer on an abandoned, closed section of Highway 278 near the intersection of Highway 278 and Highway 76 in Pontotoc County, Mississippi. He left the trailer behind another trailer on the abandoned stretch of road with the intent to return to pick it up after spending a couple of days at home.

During the night of the same day, Burl Boykin and his wife Karen Boykin were being driven home in their 2002 Chevrolet Suburban by Benjamin Rodgers, an employee of Sandi Alfred doing business as Sandi's Designated Drivers. Despite the signs indicating that the section of road was

1

closed, Rodgers drove down the abandoned portion of Highway 278 and collided with the trailer that Paul had left there earlier in the day. Burl Boykin was killed while Rodgers was severely injured and Karen Boykin received lesser injuries. It was later determined that Rodgers, sixteen-years-old, had been under the influence of marijuana.

On October 7, 2005 Karen Boykin, individually and on behalf of the wrongful death beneficiaries of her husband, Burl Boykin, filed a Complaint in the Circuit Court of Pontotoc County, Mississippi against Defendants Sandi Alfreds doing business as Sandi's Designated Drivers, Anheuser-Busch, Inc., Sharon Birmingham as next friend and guardian of the minor Benjamin Rodgers, Anthony Hendrix doing business as A&V Trucking, Inc., and the Mississippi Department of Transportation. On July 17, 2006 Karen Boykin filed an Amended Complaint adding Defendants Cash Distributing Company and Stables Downtown Grill, LLC. This case is currently pending.

Canal Insurance Company refused to provide a defense or indemnity to their insured, Anthony Hendrix doing business as A&V Trucking, Inc., or any of the other defendants in the State Court action. Essentially, Canal Insurance maintains that the subject trailer left on the abandoned stretch of road was not a covered automobile because it was unattached to the insured tractor. They cite the following pertinent coverage language:

> The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of **bodily injury or property damage** to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute automobile**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage** ....

Policy, Section I Coverage A – Bodily Injury Liability – Coverage B – Property Damage Liability

2

at 1. (emphasis in original).

The Policy defines "owned automobile" in pertinent part as including "an **automobile** which is owned by the **named insured** and described in the declarations" and "a **trailer** not described in this policy, if designed for use with a four wheel **private passenger automobile** and if not being used for business purposes with another type **automobile**." Policy, Section VI Definitions at 3. (emphasis in original).

The declarations page states that the following are "owned automobiles": (1) 1998 International Tractor, VIN number 2HSFHAMR1WC039688 and "(2) Any trailer while singularly attached to a scheduled tractor."

An Endorsement effective on December 3, 2004 states in its Status Summary Sheet, Form E-69Ls, repeats that coverage applies to the subject tractor and "Any trailer while singularly attached to a scheduled tractor."

Pursuant to the aforementioned language, Canal Insurance argues that since the subject trailer was not "singularly attached to a scheduled tractor," it was not a covered vehicle and therefore they owe no duty to defend or indemnity the defendants in the State Court action.

The defendants argue that the collision is covered because it was caused by an occurrence "arising out of the ownership, maintenance or use ... of an owned automobile." That is, the defendants cite *Merchants Co. v. Hartford*, 188 So. 571 (Miss. 1939) and *Jackson v. Daley*, 739 So.2d 1031 (1999) for the proposition that the collision resulted from an unbroken chain of events caused by the negligence of Paul's detachment of the trailer which arose out of the use of the tractor. Defendant Anheuser-Busch, Inc. also argues that coverage should apply since the terms "loading" and "unloading" are ambiguous as to what can be said to arise out of the loading and unloading of

3

a covered vehicle.

Though they cite authorities from other jurisdictions, the parties agree that there are no mandatory authorities on point.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. Rules of Interpreting Insurance Contracts

In *Centennial Insurance Company v. Ryder Truck Rental, Inc.*, the Fifth Circuit summarized the rules of interpretation of insurance contracts in Mississippi as follows:

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policyholder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

149 F.3d 378, 382-83 (5th Cir. 1988).

### **C. *Merchants Co.* and *Jackson***

The facts in *Merchants Co. v. Hartford*, 188 So. 571 (Miss. 1939) involved a covered automobile that became stuck in a ditch, whereupon poles were used to extricate it. The poles were left in the ditch and someone drove into the poles, causing substantial injury. The insurance policy states in pertinent part that the insurance company agreed "To pay on behalf of the Insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages ... because of bodily injury ... sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile." *Id*. at 571. The Mississippi Supreme Court held that although the covered vehicle was not present when the driver ran into the poles, the collision arose out of the use of the covered automobile. More specifically, the Court concluded:

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policyholder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

149 F.3d 378, 382-83 (5th Cir. 1988).

### **C. *Merchants Co.* and *Jackson***

The facts in *Merchants Co. v. Hartford*, 188 So. 571 (Miss. 1939) involved a covered automobile that became stuck in a ditch, whereupon poles were used to extricate it. The poles were left in the ditch and someone drove into the poles, causing substantial injury. The insurance policy states in pertinent part that the insurance company agreed "To pay on behalf of the Insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages ... because of bodily injury ... sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile." *Id*. at 571. The Mississippi Supreme Court held that although the covered vehicle was not present when the driver ran into the poles, the collision arose out of the use of the covered automobile. More specifically, the Court concluded:

> [U]nder a policy such as is here before us, is that where a dangerous situation causing injury is one which arose out of or had its source in, the use or operation of the automobile, the chain of responsibility must be deemed to possess the requisite articulation with the use or operation until broken by the intervention of some event which has no direct or substantial relation to the use or operation,-which is to say, that the event which breaks the chain, and which, therefore, would exclude liability under the automobile policy, must be an event which bears no direct or substantial relation to the use or operation; and until an event of the latter nature transpires the liability under the policy exists.

*Merchants*, 188 So. at 572.

In the more recent case of *Jackson v. Daley*, 739 So.2d 1031 (Miss. 1999) an insured county dump truck left piles of dirt near a roadway that was alleged to have contributed to a driver being killed after hitting a tree. The Court, citing *Merchants*, concluded that the collision arose out of the use of the insured dump truck, even though the dump truck had not been present at the time of the collision and the deceased driver had been legally intoxicated.

### D. Analysis

After considering the parties' briefs, the insurance contract, the rules of interpreting insurance contracts, and the decisions in *Merchants* and *Jackson*, this court concludes that the plain language of the subject contract clearly and unambiguously excludes trailers not "singularly attached to a scheduled tractor." Not only do the subject Endorsement and the attached Schedules of Equipment and Status Summary Sheets clearly provide coverage to "[a]ny trailer while singularly attached to a scheduled tractor," but the declarations page also contain the same exclusion. The policy's coverage section states in pertinent part that the company will defend and indemnify lawsuits based on bodily injuries "caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, **for the purposes stated as applicable thereto in the**

**declarations**, of an owned automobile." (emphasis added).

The key fact that distinguishes this case from those in *Merchants* and *Jackson* is that the subject policy has specific provisions that exclude trailers not attached to the covered automobile.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Canal Insurance Company's Motion for Summary Judgment [47] should be granted. Accordingly, a Final Judgment shall issue forthwith, **THIS DAY** of September 18, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE
